## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Yaseen Traynor a/k/a Yaseen Traylor (hereinafter "PLAINTIFF") and Zija International, Inc. ("DEFENDANT"). PLAINTIFF and DEFENDANT are referred to collectively herein as the "Parties" and each individually as a "Party".

WHEREAS, Defendant operates the following website, which is available through the internet: www.zijainternational.com (hereinafter, the "WEBSITE");

WHEREAS, PLAINTIFF has filed a purported class action suit in the U.S. District Court for the Southern District of New York entitled *Yaseen Traynor a/k/a Yaseen Traylor v. Zija International, Inc.* (Docket No. 1:19-cv-8968 (VEC)) (the "Action") alleging *inter alia* that the WEBSITE is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law ("NYCHRL");

WHEREAS, DEFENDANT does not admit, and expressly denies, violation of any federal, state or local law, including the ADA and NYCHRL, and any other wrongdoing or liability whatsoever; and

WHEREAS, the Parties desire to avoid further expense, time, effort and uncertainty in regard to, and have agreed to settle, the Action.

NOW THEREFORE, for and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the PARTIES AGREE as follows:

1

1.      <u>General Release of PLAINTIFF's Claims</u>.  PLAINTIFF, on behalf of herself and her heirs, spouse, family, agents, attorneys, executors, administrators, trustees, representatives, successors and assigns, and any person or entity acting by or through any of them (collectively, the "Releasing Persons"), hereby jointly and severally forever and irrevocably releases and discharges DEFENDANT, together with each of its past, present, and future members, founders, affiliates, parent entities, subsidiaries, business units and divisions, and each of their respective officers, trustees, employees, managers, agents, consultants, attorneys, advisors, representatives, insurers, heirs, spouses, families, executors, administrators, predecessors, successors and assigns, and any person or entity acting by or through any of them (collectively, the "Released Parties"), from any and all claims, causes of action, disputes, damages, demands, complaints, obligations, liabilities, charges, costs, suits, equities, and any and all other claims, whether known or unknown, whether legal, equitable or otherwise, suspected or unsuspected, which Releasing Persons has or may have regarding the WEBSITE, from the beginning of the world to the date of this Agreement, including, without limitation, any and all claims under the ADA, NYSHRL, NYSCRL, NYCHRL, and any other federal, state and/or local public accommodation laws, including all claims which were brought or which could have been brought in the Action (collectively, the "Released Claims"), but not including potential future claims related to the enforcement of this Agreement. PLAINTIFF, on her own behalf and on behalf of the Releasing Persons, acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims against the Released Parties, whether now asserted or unasserted, known or unknown.

2.      <u>Attorneys' Fees, Costs, Expenses, and Payments.</u>  As a full and complete compromise of all Released Claims, DEFENDANT agrees to pay, and PLAINTIFF agrees to

2

accept, the total sum (the "Settlement Amount") as set forth in that certain Confidential Side Letter entered between the Parties simultaneously with their execution of this Agreement. The Settlement Amount shall be payable to PLAINTIFF's counsel within thirty (30) days of DEFENDANT's receipt of the Agreement executed by PLAINTIFF and conditioned upon PLAINTIFF's counsel providing a completed IRS Form W-9. Payment of the Settlement Amount shall represent full and complete payment for all of PLAINTIFF's monetary claims, including her attorneys' and any expert witness(es)' claims for monetary relief; any claims which were raised or which could have been raised in the Action; and any other claims relating to the WEBSITE, whether now asserted or unasserted, known or unknown. DEFENDANT shall have no role, responsibility, liability or interest regarding if or how the Settlement Amount is to be divided among PLAINTIFF, PLAINTIFF's attorneys, PLAINTIFF's expert witness(es), or any other persons with claims to said Settlement Amount. PLAINTIFF and/or PLAINTIFF's counsel, as applicable, shall be solely responsible for federal, state and local taxes due on their respective portions of the Settlement Amount, and each specifically agrees to defend, indemnify and hold DEFENDANT harmless from and against any and all clams involving federal, state and local taxes resulting from such responsibility. Except as set forth herein, each party to the Action and this Agreement shall bear their own fees, expenses and costs related to the Action and this Agreement. The Parties herein agree that any future action brought by or on behalf of PLAINTIFF regarding the subject matter of the Action and/or this Agreement shall be limited to enforcement of this Agreement.

3.    Remedial Measures.   DEFENDANT shall make changes to the WEBSITE as detailed in that certain Consent Decree to be entered by the Parties in the form attached as Exhibit A hereto simultaneously with their execution of this Agreement ("the Consent Decree"), the terms

3

of which are incorporated into this Agreement by reference.  If DEFENDANT's ability to meet

the deadline for compliance stated in the Consent Decree is delayed by third-party vendors, acts

of God, failure of the internet, force majeure, or other reasons that are outside of DEFENDANT's '

control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If

the Parties disagree regarding an extended deadline after the meet-and-confer, either Party will

have the right to seek judicial relief.

### MISCELLANEOUS PROVISIONS

4.      Enforcement.  If PLAINTIFF believes that this Agreement or any portion of it has

been violated, PLAINTIFF shall give notice (including reasonable particulars) of such violation to

DEFENDANT.  DEFENDANT must respond to such notice as soon as is practicable but no later

than ninety (90) calendar days thereafter ("Cure Period").  If the alleged breach is of a nature that

it cannot be cured during the Cure Period, the Parties shall mutually extend the Cure Period to

reflect a reasonable time period in which the alleged breach can be cured, and PLAINTIFF and

DEFENDANT shall negotiate in good faith in an attempt to resolve any dispute relating thereto.

If the Parties are unable to reach a mutually acceptable resolution during the Cure Period, or any

extension thereof, PLAINTIFF may seek court enforcement of compliance with this Agreement.

The court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing Party

in any such enforcement action.  The 90-day Cure Period shall not apply to any claims relating to

DEFENDANT's obligation to pay the Settlement Amount referenced in Section 2 above.

5.      Scope.  This Agreement does not purport to remedy any violations or potential

violations of the ADA or any federal or state law, other than those regulating the accessibility of

the WEBSITE to individuals with disabilities.

4

6.     Authority.  The signatories represent that they have the authority to bind the respective Parties identified below to the terms of this Agreement.

7.     Confidentiality.  PLAINTIFF and DEFENDANT each agree that they will not, without the prior written consent of the other Party, directly or indirectly, by innuendo, authorization of other persons or parties, or any other means, communicate, publish, display, discuss, disclose, reveal or characterize in any way to anyone under any circumstances: (i) the terms of this Agreement; or (ii) the negotiations leading up to this Agreement, except (a) as may be required by Order of Court or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to PLAINTIFF's or DEFENDANT's legal or financial advisors or immediate family members, provided that such recipient agrees to receive and maintain such information in strict confidence, (c) to any appropriate regulatory or tax authorities with jurisdiction over PLAINTIFF or DEFENDANT who have a need to know such information, and (d) as otherwise may be required by law.  Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium now or hereafter known, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet website, chat room, social media, instant messaging or any other similar medium).  If PLAINTIFF or DEFENDANT, or their respective Counsel or representatives, receive an unsolicited inquiry about this Agreement, the Action, any disputed matter, any Released Claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only that "the matter has been amicably resolved."  Further, PLAINTIFF and DEFENDANT each agree that they will not, directly or indirectly, by innuendo, authorization of other persons or parties, or any other means communicate, publish, display, discuss, disclose, reveal or characterize (i) the Action, (ii) this Agreement, or (iii) any of the

5

Released Parties or any products, services, or practices thereof, in any manner that is disparaging or otherwise reasonably likely to cast a negative light on the other Party or any products/services offered thereby. If any Party shall be in material breach of its obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision.

8.      Counterparts Permissible. This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.

9.      Notices. All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, or mail and addressed as follows:

|  |  |
|---|---|
| For PLAINTIFF: | Yaakov Saks, Esquire<br>Stein Saks, PLLC<br>285 Passaic Street<br>Hackensack, New Jersey  07601<br>Email: ysaks@steinsakslegal.com<br>Phone: 201-282-6500<br>Fax: 201-282-6501 |
| For DEFENDANT: | Martin S. Krezalek, Esquire<br>Blank Rome LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Email: mkrezalek@blankrome.com<br>Phone:  212-885-5000<br>Fax:  212-885-5500 |

6

10.     <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles.  Any action to enforce the terms of this Agreement shall be filed in the United States District Court for the Southern District of New York only.

11.     <u>Waiver</u>.  If a Party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

12.     <u>Non-Assignment.</u>  PLAINTIFF represents and warrants that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the Released Claims, and that no other person or entity of any kind had or has any interest in the Action, this Agreement, or any demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

13.     <u>Non-admission of Wrongdoing</u>.  It is expressly understood and agreed that this Agreement and the performance of either Party of its obligations herein, including the payment of the Settlement Amount by DEFENDANT, constitutes a compromise of disputed claims.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing, guilt, fault or liability or evidence of any liability or unlawful conduct of any kind.  Rather, the Parties have entered into this Agreement solely for the purpose of reaching a compromise and avoiding the expense and uncertainty of litigation.  Furthermore, this Agreement was reached after arm's length negotiations.

14.    <u>Amendment</u>. This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

15.    <u>Successor and Assigns</u>. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, personal or legal representatives, successors and assigns.

16.    <u>Construction of Agreement</u>. The Parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter. The Parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.  Any conflict between the terms of this Agreement, the Consent Decree and/or the Confidential Side Letter shall be resolved in favor of this Agreement.

17.    <u>Severability</u>. If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except for the release provisions set forth in Section 1, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

18.    <u>Integration and Modification</u>. This Agreement contains all of the representations, promises, and understandings of the Parties.  Other than the Confidential Side Letter referenced in Section 2 above and the Consent Decree referenced in Section 3 above, there are no other agreements or understandings between the Parties relating to the Action or the settlement thereof, except as set forth herein.

19.    <u>Consent Judgment and Stipulation of Dismissal with Prejudice</u>. The Parties shall execute the Consent Decree upon execution of this Agreement, without trial or further adjudication of any issue of fact or law raised in the Action.  Within 10 days of the date PLAINTIFF's counsel

8

receives the Settlement Amount, the Parties, through their respective attorneys of record, shall

execute, and PLAINTIFF, through her attorney of record shall file, a stipulation and order of

dismissal with prejudice of the Action.

20.    Other Clients.   For and in consideration of the promises, commitments and

undertakings in this Agreement and for other good and valuable consideration, the receipt of which

is hereby acknowledged, the firms of Stein Saks, PLLC herein covenant that they currently do not

have another client with any claim (ADA or other) against DEFENDANT, nor are they actively

seeking such a client.


*Intending to be legally bound, the PARTIES have executed this Agreement on the date(s)*

*set forth below.*


YASEEN TRAYNOR A/K/A YASEEN
TRAYNOR

Dated: 12/10/19

ZIJA INTERNATIONAL, INC.

By:

Jason Ahlmann, Chief Legal Officer

Dated: 12/11/19

9

**APPROVED AS TO FORM AND CONTENT (AND AGREED, WHERE APPLICABLE):**

**STEIN SAKS, PLLC**
*Counsel for Yaseen Traynor a/k/a Yaseen Traylor*

BY:_____

Dated:_____

**BLANK ROME, LLP**
*Counsel for Zija International, Inc.*

BY:_____

Dated:_____